Henry Clay Greenberg, J.
The proposed order contains a provision for the appointment of a Referee to supervise all depositions to he taken in the consolidated stockholder derivative actions and in the corporation’s own direct action for substantially the same relief. As noted in the opinion of the court, the question of the conduct of examinations before trial and the extent of participation therein by counsel to the plaintiff corporation, general counsel and the attorneys for the respective plaintiffs in the consolidated action; was raised on the argument of the branch of the corporation’s motion for a stay of proceedings in the consolidated action. It was deemed advisable to give counsel an opportunity to confer and agree, if possible, on a modus operandi for further action.
None of the parties — plaintiffs or defendants — object to the provision for a Referee, with the exception of the plaintiffs in Action No. 2. In view of the position previously taken by these plaintiffs on the motion, they have been given the choice of refusing to join in the consolidated action, in which event, however, further prosecution of their separate action would be stayed until further order of the court.
The proposed order provides that all depositions in the consolidated action and in the corporation’s own action shall be conducted at the same time and be deemed to be taken in both actions; that general counsel shall initiate and conduct all depositions on behalf of plaintiffs in the consolidated action; that the Referee shall preside at all depositions, determine the order and extent of participation therein by counsel for the plaintiff corporation, general counsel and the attorneys for the respective plaintiffs and, subject to the order of the court, *1093 rule in the first instance upon all objections and motions relating to the depositions.
This procedure would avoid the duplication, confusion and harassment necessarily involved in the taking of the numerous and lengthy depositions contemplated by counsel under the unusual conditions of joint examinations conducted by counsel for the plaintiff corporation and general counsel with the right to participate therein to some extent by the attorneys for the respective plaintiffs. The circumstances revealed in the papers submitted on the motion and made apparent on the argument, such as the charges and countercharges against two of the plaintiffs and the suggestion that counsel for the plaintiff corporation may be “friendly” to defendants, indicate the likelihood of confusion and animosity with resultant waste and delay. A Referee with authority to determine the order of examination and the extent of participation by all counsel and, in general, to regulate the conduct of the examinations, including on-the-spot rulings, subject to the order of the court, should assure orderly and expeditious proceedings to the benefit of all parties.
The counter proposal of the sole objector that there be no reference and that depositions be conducted by general counsel subject, however, to the right of the attorneys for the respective plaintiffs to participate to the extent they do not duplicate action taken by him, would require in this case continuous time-consuming appeals to the court to determine, but only after a review in each instance of all the circumstances, when that point has been reached. Disputes of this nature would and should be resolved at the time by the Referee under the proposed order.
The order with some modifications is accordingly signed.